CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

April 07, 2026

LAURA A. AUSTIN, CLERK
BY: /s/ M. Poff
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **ANTONIO MAURICE PAYNE,** | ) | |
| **Plaintiff,** | ) | **Case No. 7:25-cv-00452** |
| | ) | |
| **v.** | ) | |
| | ) | **By: Michael F. Urbanski** |
| **KIMBERLY NICELY, et al.,** | ) | **Senior United States District Judge** |
| **Defendants.** | ) | |

**MEMORANDUM OPINION**

Antonio Maurice Payne, a state pretrial detainee proceeding pro se, filed this civil action under 42 U.S.C. § 1983 against Kimberly Nicely and the Western Virginia Regional Jail. The matter is presently before the court for review under 28 U.S.C. § 1915A(a). For the following reasons, the action is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**I.    Background**

Payne is detained at the Western Virginia Regional Jail in Salem, Virginia, where he is awaiting trial on state criminal charges. He alleges that he spoke to family members at the jail on March 16, 2025, and informed them that he wanted to find an attorney. Am. Compl., ECF No. 9, at 5. When asked why, Payne told them that the affidavit submitted in support of a search warrant did not match a police report. Am. Statement of the Claim, ECF No. 11-1 at 1. That same day, Payne attempted to mail a letter to his fiancé and other family members that contained "a piece of the police report." Id. Payne alleges that Nicely, an investigator at the jail, opened the sealed letter without a warrant or his consent, copied the

letter, and sent it to an attorney for the Commonwealth. Id.; see also Am. Compl. at 5. Payne alleges that he was subsequently "charged with violation of [a] protective order." Am. Compl. at 5. However, the charge "got thrown out for dismissal because [the] judge didn't sign off on the protective order." Id.

Payne claims that Nicely's actions violated his rights under the Fourth Amendment and the Due Process Clause of the Fourteenth Amendment. Id.; Am. Statement of the Claim at 1. He seeks monetary damages and other relief. Am. Compl. at 8. In addition to Nicely, Payne names the Western Virginia Regional Jail as a defendant. See Order, ECF No. 15 (granting leave to amend).

## II.    Standard of Review

The court is required to review a complaint in a civil action in which an inmate seeks redress from a governmental entity or employee. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

A complaint filed by a pro se litigant must be construed liberally. King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). "Principles requiring generous construction of pro se complaints are not, however, without limits." Beaudett v. City of Hampton, 775 F.2d 1274,

2

1278 (4th Cir. 1985). Pro se litigants still must allege sufficient facts to state a plausible claim for relief. Thomas v. Salvation Army S. Terr., 841 F.3d 632, 637 (4th Cir. 2016).

## III.    Discussion

Section 1983 imposes liability on any person who, under color of state, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

Having reviewed Payne's amended pleadings, the court concludes that he has failed to state a claim against either of the named defendants. First, Payne has not alleged a plausible violation of his Fourth Amendment rights. "The Fourth Amendment, as incorporated through the Fourteenth Amendment, prohibits state actors from conducting 'unreasonable searches and seizures.'" Haze v. Harrison, 961 F.3d 654, 660 (4th Cir. 2020) (quoting U.S. Const. amend. IV). "A government agent's search is unreasonable when it infringes on an expectation of privacy that society is prepared to consider reasonable." United States v. Castellanos, 716 F.3d 828, 832 (4th Cir. 2013) (internal quotation marks omitted). Although an inmate's expectation of privacy in his privileged and confidential legal mail is arguably "one 'that society is prepared to consider reasonable,'" Haze, 961 F.3d at 661 (quoting Castellanos, supra), an inmate "has no reasonable expectation of privacy" in his non-privileged mail, Loiseau v. Norris, No. 3:10-cv-00870, 2011 WL 4102226, at *3 (E.D. Va. Sept. 14, 2011), aff'd, 465 F. App'x 273 (4th Cir. 2012). Here, Payne claims that Nicely

3

opened a sealed letter addressed to his fiancé and other family members. Because he does not allege that the envelope indicated that it contained confidential or privileged material or related to a pending legal matter, he fails to state a viable Fourth Amendment claim. See id. (dismissing a similar Fourth Amendment claim where an inmate failed to adequately allege that mail sent to his fiancé "was actually privileged"); see also Sallier v. Brooks, 343 F.3d 868, 875 (6th Cir. 2003) (concluding that an envelope may be opened without violating a prisoner's constitutional rights where there is no specific indication on the envelope indicating that it contains "confidential personal, or privileged material, that it was sent from a specific attorney . . . , or that it relate[s] to a currently pending legal matter"); Smith v. Boyd, 945 F.2d 1041, 1043 (8th Cir. 1991) (affirming the dismissal of a "mail tampering" claim on the basis that "the inspection of nonprivileged mail does not violate a prisoner's constitutional rights").

Payne's allegation that Nicely forwarded a copy of his letter to a Franklin County prosecutor fares no better. "[C]ourts have routinely held that prison officials do not commit a constitutional violation by reading prisoners' outgoing nonlegal mail and forwarding matters of concern to police or prosecutors." Frey v. Raisanen, No. 2:14-cv-10192, 2014 WL 545794, at *3 (E.D. Mich. Feb. 11, 2014) (collecting cases); see also Davenport v. Rogers, 626 F. App'x 636, 637 (7th Cir. 2015) (concluding that neither "reading [a detainee's] letters nor forwarding them to the prosecution violated the Fourth Amendment"); Gassler v. Wood, 14 F.3d 406, 409 (8th Cir. 1994) (finding no First Amendment violation resulting from sending photocopies of outgoing mail to the investigator assigned to detainees' criminal cases); Smith v. Long, No. 3:18-cv-00061, 2018 WL 3831394, at *7 (M.D. Tenn.

4

Aug. 13, 2018) (noting that "it is well established that prison officials do not commit a constitutional violation by opening, inspecting, and even copying prisoners' non-privileged outgoing mail").

Additionally, even if the mail at issue could be considered legal mail, "isolated incidents" of mail mishandling, as alleged here, do not rise to the level of a constitutional violation. Buie v. Jones, 717 F.2d 925, 926 (4th Cir. 1983); see also Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003) (noting that "an isolated incident of mail tampering is usually insufficient to establish a constitutional violation" and that inmates "must show that prison officials regularly and unjustifiably interfered with [their] legal mail") (internal quotation marks omitted). This is true even if the incidents were "contrary to the policy of the Jail . . . or the result of unauthorized subordinate misconduct." Buie, 717 F.2d at 926.

To the extent Payne alleges that he was improperly accused of violating a protective order in his criminal case based on Nicely's actions, such allegations also fail to state a claim under the Due Process Clause of the Fourteenth Amendment. Payne acknowledges that the alleged violation was "thrown out" because the protective order had not actually been signed by the judge, Am. Compl. at 5, and he does not allege that he was deprived of any liberty or property interest as a result of the accusation. See Shaw v. Foreman, 59 F.4th 121, 127 (4th Cir. 2023) ("The Due Process Clause of the Fourteenth Amendment prohibits states from depriving any person of life, liberty or property, without due process of law. To state a procedural due process claim, a plaintiff must first identify a protected liberty or property interest and then demonstrate deprivation of that interest without due process of law.") (internal quotation marks, citations, and alterations omitted).

Finally, the Western Virginia Regional Jail is not a "person" subject to liability under § 1983, and the Western Virginia Regional Jail Authority cannot be held vicariously liable for the actions of correctional officers employed there. See McCoy v. Chesapeake Corr. Ctr., 788 F. Supp. 890, 894 (E.D. Va. 1992) (concluding that a jail "is not a person under § 1983" and that "it lacks the capacity to be sued"); see also Connick v. Thompson, 563 U.S. 51, 60, (2011) (explaining that municipal entities "are responsible only for their own illegal acts" and "are not vicariously liable under § 1983 for their employees' actions") (internal quotation marks omitted).

## IV.    Conclusion

For the reasons stated, this action is **DISMISSED** without prejudice under 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. An appropriate order will be entered.

Entered: April 6, 2026

Michael F. Urbanski
U.S. District Judge
2026.04.06 17:59:17
-04'00'

Michael F. Urbanski
Senior United States District Judge